IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   5:04cr34/MCR/EMT
5:14cv247/MCR/EMT

ERIC RICARDO BRIGHT

## REPORT AND RECOMMENDATION

Defendant has filed a letter to the court in which he complains that his appointed counsel was constitutionally ineffective in his representation of Defendant (doc. 94). Because such claims are typically brought pursuant to 28 U.S.C. § 2255, the district court construed Defendant's letter as a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (*see* docket entry 94). Defendant's submission is not on the court-approved form for use in section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of Florida, which states that the court will not accept for consideration a motion pursuant to section 2255 unless the appropriate form is properly completed and filed. However Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Therefore, after a review of Defendant's submission and the record, it is the opinion of the undersigned that amendment would be futile because Defendant's motion is untimely and should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to a three-count indictment that charged him with conspiracy to possess with intent to distribute fifty grams or more of cocaine base and/or five kilograms of cocaine, and two counts of distribution or possession with intent to distribute a controlled substance

(*see* docs. 38, 40, 64).  He was sentenced to a term of life imprisonment on Count One and two concurrent terms of 120-months imprisonment on Counts Two and Three (docs. 49, 65).  The Eleventh Circuit affirmed Defendant's convictions on January 4, 2006 (doc. 75).

In May 2009, the district court denied Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(e)(2) (*see* docs. 77, 79).  The Eleventh Circuit affirmed on November 2, 2009 (doc. 93).  Nothing further was filed until the court received the instant communication from Defendant.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  As noted above, the Eleventh Circuit entered its opinion affirming Defendant's convictions on direct appeal on January 4, 2006 (doc. 75).  Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[1]  Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011).  Because Defendant's judgment of conviction became final on April 4, 2006,  to have been timely filed, his § 2255 motion had to be filed no later than April 4, 2007.  The instant letter/motion was not filed, pursuant to the prison mailbox rule, until September 29, 2014.  Therefore, it is facially untimely.

---

[1] The issuance of the mandate, on February 2, 2006 (*see* doc. 75 at 1), has no bearing on when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 5:04cr34/MCR; 5:14cv247/MCR/EMT

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).  Here, nothing in Defendant's motion, including his allegations of ineffective assistance of trial counsel, suggests that equitable tolling would be appropriate in this case.  Thus, Defendant's motion should be summarily denied as untimely.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 94) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of October 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**