IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.:   5:04cr34/MCR/EMT
                                                                          5:16cv80/MCR/EMT

ERIC RICARDO BRIGHT

_____

## REPORT AND RECOMMENDATION

Defendant has filed a document titled "Memorandum of Law in Support of a Motion to Vacate, Set Aside, or Correct an Illegal Sentence, Pursuant to 28 U.S.C. § 2255(a), by a Person in Federal Custody" (ECF No. 98).  Defendant's submission is not on the court-approved form for use in section 2255 cases in accordance with Local Rule 5.7(A) for the Northern District of Florida.  This rule states that the court need not—and ordinarily will not—consider a motion that is not filed on the proper form.  However Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Therefore, after a review of Defendant's submission and the record, it is the opinion of the undersigned that amendment would be futile and that Defendant's motion should be denied and dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to a three-count indictment that charged him with conspiracy to possess with intent to distribute fifty grams or more of cocaine base and/or five kilograms of cocaine ("Count One"), and two counts of distribution or possession with intent to distribute a controlled substance ("Counts Two and Three") (*see* ECF Nos. 38, 40, 64).  Defendant's sentencing guideline range was calculated including a Chapter Four Career Offender enhancement as a result of two prior felony drug convictions, although the guidelines range was ultimately trumped by the statutory maximum term of life imprisonment (PSR ¶¶ 36, 82, 84).  The court sentenced Defendant to a term of life imprisonment on Count One and two concurrent terms of 120-months imprisonment on Counts Two and Three (ECF Nos. 49, 65).  The Eleventh Circuit affirmed Defendant's convictions on January 4, 2006 (ECF No. 75).

In 2009, the district court denied Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(e)(2) (*see* ECF Nos. 77, 79).  The Eleventh Circuit affirmed on November 2, 2009 (ECF No. 93).  Nothing further was filed until Defendant sent a letter to the district court inquiring about his case in the fall of 2014 (ECF No. 94).  The district court instructed that the letter be construed as a motion

pursuant to 28 U.S.C. § 2255, and the motion was subsequently denied as untimely. (ECF Nos. 94–96).

Defendant has now filed the instant "Memorandum of Law in Support of a Motion to Vacate" pursuant to 28 U.S.C. § 2255, in which he contends that he is entitled to relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *Id*., 135 S. Ct. at 2257, 2253.  Defendant contends in his memorandum that (1) he was erroneously classified as a career offender based on "non-predicated state convictions"; (2) he was sentenced under the career offender guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, in violation of due process; and (3) the Johnson decision should be retroactively applicable to his case.  His three claims are inextricably intertwined.

As noted above, Defendant previously filed a pleading that the court construed as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and denied (ECF Nos. 94–96).  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409

(11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases

for which such authorization is required, as he is challenging the same judgment he

challenged in his initial motion.   Defendant has not obtained authorization from the

Eleventh Circuit Court of Appeals to file a successive motion; therefore, the instant

motion to vacate would ordinarily be subject to dismissal without prejudice.

However, after review of the record the undersigned determines that Defendant's

motion is not subject to dismissal on this basis.

The Supreme Court held in Castro v. United States, 540 U.S. 375 (2003), that

when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it

must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that

the recharacterization will subject any subsequent § 2255 motion to restrictions; and

3) provide the litigant an opportunity to withdraw the motion or amend it to include

all available § 2255 claims. 540 U.S. at 383.  If a district court fails to issue these

warnings, as occurred in this case, it cannot later consider the recharacterized motion

as a previously filed § 2255 motion.  *Id*.  Thus, Defendant's motion is not successive

as the term is used in 28 U.S.C. § 2244(b)(3) and § 2255(h).

Even accepting Defendant's motion as properly before the court, he is not

entitled to relief because his claims are foreclosed by current circuit precedent.  The

Eleventh Circuit has held that the Supreme Court's decision in Johnson does not apply

to challenges to sentence enhancements based on the United States Sentencing Guidelines, and that individual sentencing guidelines cannot be unconstitutionally vague.  *See* United States v. Matchett, 802 F.3d 1185, 1194–96 (11th Cir. 2015); *see also* Beckles v. United States, 616 F. App'x. 415, 416 (11th Cir. 2015) ("Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines . . ."); United States v. Kirk, No. 13-15103, 2016 WL 335937, at *1 (11th Cir. 2016) (noting decision in Matchett).  Other Circuits have reached different conclusions.  *See* United States v. Madrid, 805 F.3d 1204, 1210–1212 (10th Cir. 2015) (reversing on direct appeal a career offender enhancement based on residual clause, finding the residual clause of § 4B1.2(a)(2) is unconstitutionally vague); United States v. Taylor, 803 F.3d 931, 933 (8th Cir. 2015) (remanding for district court to determine whether the residual clause of the career offender guideline is unconstitutional); United States v. Harbin, 610 F. App'x 562 (6th Cir. 2015) (finding that defendant is entitled to the same relief as offenders sentenced under the residual clause of the ACCA); United States v. Townsend, No. 14-3652, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015) (remanding for re-sentencing in light of government's concession that defendant should not have been sentenced as a career offender in light of Johnson).  Because this court is bound by Eleventh Circuit precedent, a challenge to the

application of the Career Offender enhancement based on the use of the "residual

clause" of the guidelines must fail.

The Sentencing Commission has adopted an amendment to the definition of

"crime of violence" contained in U.S.S.G. § 4B1.2(a)(2), which appears to be at least

partially in response to the disagreement among the Circuits about the application of

Johnson to the parallel provision in the Sentencing Guidelines.  The proposed

amendment would eliminate the residual clause and revise the list of specific

enumerated offenses qualifying as crimes of violence.[1]  The effective date of the

proposed amendment would be August 1, 2016.  Even if the amendment is ultimately

adopted and made retroactive, it nonetheless would not impact Defendant's sentence.

Defendant is correct that his prior convictions for "fleeing and eluding" and "battery"

are not crimes of violence that would serve as predicates for the application of the

Chapter Four enhancement (PSR ¶¶ 45, 46, 48).  However, these offenses were not the

basis for the application of the enhancement.  The PSR reflects that the Career

Offender adjustment was based upon two prior felony drug offenses; to wit, sale of

cocaine and trafficking in cocaine (PSR ¶¶ 43, 47).[2]  Neither of these predicate

---

[1] *See* http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016.

[2] Defendant also had a conviction for a violation of the Georgia Controlled Substances Act, possession with intent to distribute 45.5 grams of marijuana (PSR ¶ 49).

convictions would be implicated by the removal of the residual clause from the

Sentencing Guidelines.  As such, neither Johnson nor the proposed amendment to the

guidelines affords Defendant relief in this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that

"[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state

the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues

a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial

of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is

also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to

this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No. 98) be

summarily **DENIED and DISMISSED**.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15<u>th</u> day of March 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.